1 | MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
2 | SANDRA KHALILI (SBN 187809)
E-Mail: skhalili@rpblaw.com
3 | RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
4 | Los Angeles, California 90067
Telephone: 310-277-8300
5 | Facsimile: 310-552-3209

6 | Attorneys for Plaintiff Grand Fabrics International Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GRAND FABRICS INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>MELROSE TEXTILE, INC.; and DOES 1 through 10, inclusive,,<br><br>Defendants. | Case No. 2:18-cv-00748-DSF-AFMx<br><br>**STIPULATED PROTECTIVE ORDER AS TO INFINITY PRINTEX, INC.** |
| MELROSE TEXTILE, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>GRAND FABRICS INTERNATIONAL LIMITED, and ROES 1 through 20, inclusive,<br><br>Counter Defendant. | |

634421.4

1. A. <u>PURPOSES AND LIMITATIONS</u>

This Stipulated Protective Order pertains to the records of third party Infinity Printex, Inc. ("Infinity Printex") which have been or will be produced by the Bank of Hope pursuant to an October 25, 2018 Subpoena to Produce Documents, Information, or Objects or to permit Inspection of Premises in a Civil Action ("Subpoena") served by Plaintiff Grand Fabrics International Limited ("Plaintiff"), with a production date of November 5, 2018. A true and correct copy of the Subpoena is attached hereto as Exhibit B.

On November 9, 2018, Infinity Printex filed an Ex Parte Application to quash the Subpoena, which the Court denied in part and granted in part. Pursuant to the Court's November 15, 2018 order, Plaintiff and Infinity Printex (collectively, the "parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. <u>GOOD CAUSE STATEMENT</u>

Infinity Printex contends that records of Bank of Hope as they pertain to Infinity Printex contain trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this or any subsequently filed and related action or proceeding, including, without limitation, an action or proceeding for enforcement of the judgment (the "Judgment") obtained by Plaintiff against Defendant Melrose Textile, Inc. ("Melrose Textile") in this action, is warranted. Infinity Printex further contends that confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other

confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Infinity Printex is entitled to keep confidential, to ensure that Plaintiff is permitted reasonable necessary uses of such material in preparation for and in the conduct of litigation and any other litigation and proceeding to enforce a Judgment, to address their handling at the end of such litigation or enforcement proceeding, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of Infinity Printex that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

*Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: *Grand Fabrics International Limited v. Melrose Textile, Inc.*, Case No. 2:18-cv-00748-DSF-AFM (the "Grand Action"), any Related Action (defined in Section 2.15 below), and/or any proceeding to enforce the Judgment.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: Infinity Printex who seeks to designate as "CONFIDENTIAL" certain documents and information or items produced by Bank of Hope pursuant to the Subpoena.

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated by Bank of Hope pursuant to the Subpoena.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

2.8     House Counsel: attorneys who are employees of a party to the Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to the Action but are retained to represent or advise a party to the Action and have appeared in the Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10    Party: Infinity Printex and Plaintiff, including all of their respective officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: Bank of Hope who has produced and/or will produce documents pursuant to the Subpoena.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: Plaintiff Grand Fabrics International Limited.

2.15 <u>Related Action</u>: Any action, proceeding, or lawsuit filed by Plaintiff against any other person or entity, including, but not limited to, Infinity Printex, for the purpose of recovering on, or enforcing the Judgment. Such Related Action may include, but is not limited to, an action alleging claims for, arising from or relating to fraudulent transfer of Melrose Textile's assets, alter ego and/or successor liability.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

4.1 Except in the circumstances set forth below in Section 4.2, this Protective Order shall remain in place until the earlier of November 5, 2023 (five years from the date of production of the Discovery Material), or until such time that the Judgment is satisfied. Plaintiff will then follow the procedures set forth below in Section 12 (Final Disposition).

4.2 Notwithstanding, and without limiting the foregoing, the filing of a Related Action prior to November 5, 2023, shall further extend the terms of this Protective Order until such Related Action concludes, either through settlement, judgment or satisfaction of judgment secured thereunder.

4.3 Once a Related Action proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of a trial in this or a related action pertaining to enforcement of the Judgment.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Infinity Printex, which seeks to designate information or items for protection under this Order, must take care to limit any such designation to specific material that qualifies under the appropriate standards. Infinity Printex must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose Infinity Printex to

sanctions.

If it comes to Infinity Printex's attention that information or items that it designated for protection do not qualify for protection, Infinity Printex must promptly notify Plaintiff that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.

Designation in conformity with this Order requires:

(a)     Plaintiff shall provide to Infinity Printex by email, the records Plaintiff has received from Bank of Hope pursuant to the Subpoena within 5 business days of the Court's entry of this Protective Order. Infinity Printex shall identify and label the documents which Infinity Printex claims qualify for protection under this Order as "CONFIDENTIAL" and produce such records to Plaintiff by email within 5 business days of receiving the documents from Plaintiff. Infinity Printex's designations shall conform with the requirements set forth in Sections (b) through (d) below.

(b)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Infinity Printex affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, Infinity Printex also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

With respect to any additional documents that Bank of Hope produces pursuant to Subpoena, which documents have not been produced as of the date of this Protective Order, Infinity Printex need not designate documents for protection until after Plaintiff has provided such documents to Infinity Printex. As to these

documents once Plaintiff produces the documents to Infinity Printex, the latter must determine which documents, or portions thereof, qualify for protection under this Order. Then, within 5 business days of receipt of such documents from Plaintiff, Infinity Printex must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

All of the material produced by Bank of Hope pursuant to the Subpoena shall be deemed "CONFIDENTIAL" until such time that Infinity Printex produces designations to Plaintiff, provided that the designations are made in a timely manner. If Infinity Printex does not provide designations as set forth here, the documents shall not be deemed confidential or subject to this Protective Order.

(c) for testimony given in depositions that the Infinity Printex identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(d) or information produced in some form other than documentary and for any other tangible items, that Infinity Printex affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Infinity Printex's right to secure protection under this Order for such material.

Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

634421.4                                    9

6.1 <u>Timing of Challenges</u>. Plaintiff may challenge a designation of confidentiality at any time.

6.2 <u>Meet and Confer</u>. Plaintiff shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on Infinity Printex. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Plaintiff to sanctions. Unless Infinity Printex has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under Infinity Printex's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon expiration of the duration of this Protective Order, Plaintiff must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by Infinity Printex, Plaintiff may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Plaintiff's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b) the officers, directors, and employees (including House Counsel) of Plaintiff to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of Plaintiff to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by Infinity Printex or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If Plaintiff is served with a subpoena or a court order issued in other litigation, except for this litigation and any related proceeding to action to enforce the Judgment, that compels disclosure of any information or items that Infinity Printex has designated as "CONFIDENTIAL" per this Protective Order, Plaintiff must:

(a) promptly notify in writing Infinity Printex. Such notification shall include

a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by Infinity Printex whose Protected Material may be affected.

If Infinity Printex timely seeks a protective order, Plaintiff shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless Plaintiff has obtained Infinity Printex's permission. Infinity Printex shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging Plaintiff to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Plaintiff learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff must immediately (a) notify in writing Infinity Printex of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When Infinity Printex gives notice to Plaintiff that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Plaintiff are those set forth in Federal Rule of Civil Procedure

26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, Plaintiff may file the information in the public record unless otherwise instructed by the court.

12. FINAL DISPOSITION

Within 60 days after satisfaction of the Judgment, including, without limitation through post-judgment enforcement proceedings and filing of a Related Action, Plaintiff must return all Protected Material to Infinity Printex or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiff must submit a written certification to Infinity Printex by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel

are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  November 21, 2018     THE LAW OFFICES OF COLLIN SEALS

By:   /s/ Collin Seals
COLLIN SEALS
Attorneys for Infinity Printex, Inc.

DATED:  November 21, 2018     RESCH POLSTER & BERGER LLP

By:   /s/ Sandra Khalili
MICHAEL C. BAUM
SANDRA KHALILI
Attorneys for Plaintiff Grand Fabrics
International Limited

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 21, 2018     RESCH POLSTER & BERGER LLP


By: _____/s/ Sandra Khalili_____
        MICHAEL C. BAUM
        SANDRA KHALILI
  Attorneys for Plaintiff Grand Fabrics
       International Limited

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 11/30/2018

_____
ALEXANDER F. MacKINNON
United States Magistrate Judge

634421.4

15

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

634421.4

16